IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELTON EUGENE HILL, II, | : | CIVIL ACTION NO. 1:10-CV-574 |
| Petitioner | : | (Chief Judge Conner) |
| v. | : | |
| SUPERINTENDENT JOHN KERESTES, *et al.*, | : | |
| Respondents | : | |

# ORDER

AND NOW, this 22nd day of June, 2018, upon consideration of the report (Doc. 113) of Magistrate Judge Karoline Mehalchick, recommending that the court deny the petition (Doc. 1) for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by petitioner Elton Eugene Hill, II ("Hill"), wherein Judge Mehalchick opines that Hill's petition fails on its merits, and in particular that Hill has failed to demonstrate that the Pennsylvania state court's ruling is either contrary to or an unreasonable application of United States Supreme Court precedent, (see Doc. 113 at 8-13), nor has Hill shown that the state court decision reflects an unreasonable determination of the facts based upon the record evidence, (see id. at 13-16), and the court noting that Hill filed objections (Doc. 116) to the report, and following *de novo* review of the contested portions of the report, see Behar v. Pa. Dep't of Transp., 791 F. Supp. 2d 383, 389 (M.D. Pa. 2011) (citing Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(C)), and applying a clear error standard of review to the uncontested portions, see Cruz v. Chater, 990 F. Supp. 375, 376-78 (M.D. Pa. 1999), the undersigned being in full agreement with Judge

Mehalchick's rationale, and finding same to be thorough, well-reasoned, and amply supported by the record, and finding Hill's objection to be without merit and squarely addressed by the report,[1] it is hereby ORDERED that:

1. The report (Doc. 113) of Magistrate Judge Mehalchick is ADOPTED.

2. Hill's petition (Doc. 1) for writ of habeas corpus is DENIED.

---

[1] Many of Hill's arguments are verbatim recitations of arguments raised before and rejected by the magistrate judge. Consistent with the applicable *de novo* standard of review, the court has independently reviewed Hill's objections and finds same to be without merit.

Hill objects to the report's finding that the Pennsylvania Superior Court's decision regarding his limited Miranda waiver and the propriety of post-polygraph interrogation are consistent with and not an unreasonable interpretation of United States Supreme Court precedent. (See Doc. 117 at 19-24). In particular, Hill asserts that the Pennsylvania Superior Court failed to properly apply the United States Supreme Court's "totality of the circumstances" test in assessing whether officers should have renewed Hill's Miranda warning between his polygraph examination and the post-polygraph questioning. (Id.) He posits that the Superior Court and the magistrate judge *sub judice* focused too narrowly on temporal considerations and continuity of the interrogation. We disagree. A review of the Superior Court decision reflects that the court properly explored all factors relevant to whether Hill had knowingly, intelligently, and voluntarily waived his Miranda rights. The court did examine temporal and continuity considerations; but it also underscored record evidence that Hill understood his Miranda rights yet chose not to invoke them, and that Hill was aware he could end the post-polygraph interrogation at any time yet elected not to do so. Commonwealth v. Hill, No. 646 MDA 2011, 2015 WL 6875004, at *8-9 (Pa. Super. Ct. July 10, 2015). The Pennsylvania Superior Court's decision is neither contrary to nor an unreasonable application of United States Supreme Court precedent.

Hill also avers that the Pennsylvania Superior Court and the magistrate judge failed to consider Hill's status as a juvenile in their respective assessments of the Miranda waiver. (See Doc. 117 at 22-23). The totality of the circumstances test applies with equal force to a Miranda waiver by a juvenile. See Fare v. Michael C., 442 U.S. 707, 725 (1979) ("We discern no persuasive reasons why any other approach is required where the question is whether a juvenile has waived his rights, as opposed to whether an adult has done so."). We believe that the Superior Court impliedly took into account Hill's age and experience when deciding that his waiver was valid. We find no basis to grant relief on this additional ground.

3. The court finds no basis to issue a certificate of appealability. 28 U.S.C. § 2253(c); see also 28 U.S.C. § 2254 Rule 11(a).

4. The Clerk of Court is directed to CLOSE this case.


    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania